1 | **GIBSON, DUNN & CRUTCHER LLP**
James J. Farrell, (CA SBN 166595)
2 |     JFarrell@gibsondunn.com
Diane Chan, NY SBN 5411723, *pro hac vice*
3 |     DChan@gibsondunn.com
Zachary A. Kady, NY SBN 5374871, *pro hac vice* pending
4 |     ZKady@gibsondunn.com
200 Park Avenue
5 | New York, NY 10166-0193
Telephone: (212) 351-4000
6 | Facsimile: (212) 351-4035

7 | Raymond A. LaMagna (CA SBN 244821)
    RLaMagna@gibsondunn.com
8 | 333 South Grand Avenue
Los Angeles, CA 90071-3197
9 | Telephone: (213) 229-7101
Facsimile: (213) 229-6101

10 |
Attorneys for Plaintiff America Chung Nam,
11 | LLC

12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 |

| | |
|---|---|
| AMERICA CHUNG NAM, LLC, | Case No. 2:23-cv-07676-SB-JPR |
| *Plaintiff,* | Hon. Stanley Blumenfeld, Jr. |
| v. | **NOTICE OF MOTION AND MOTION TO REMAND BY PLAINTIFF AMERICA CHUNG NAM, LLC** |
| MITSUI O.S.K. LINES, LTD., MOL (AMERICAS) LLC, and MOL DRYBULK, LTD., | |
| *Defendants.* | Hearing: |
| | Date: December 1, 2023 |
| | Time: 8:30 a.m. |
| | Place: Courtroom 6C |
| | 350 W. First Street |
| | Los Angeles, CA 90012 |
| | Judge: Stanley Blumenfeld, Jr. |
| | Action Filed: August 14, 2023 |
| | Removed: September 14, 2023 |
| | Trial Date: None Set |

PLEASE TAKE NOTICE THAT on December 1, 2023, or as soon as the matter may be heard by the Honorable Stanley Blumenfeld Jr. of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, Plaintiff America Chung Nam, LLC ("ACN" or "Plaintiff") will and hereby does move this Court for an order immediately remanding the above-captioned case to the Honorable Timothy Patrick Dillon, Department 73, of the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV19358.

Remand is appropriate because Defendants Mitsui O.S.K. Lines, Ltd., MOL Drybulk, Ltd. and MOL (Americas) LLC (together, "Defendants") have not satisfied their burden of showing that removal is proper. *First*, Defendants fail to show that this Court has subject matter jurisdiction under sections 203 and 205 of the Federal Arbitration Act.  9 U.S.C. §§ 203, 205.  That is because ACN's state court action does not seek to enforce either an arbitration agreement or an arbitral award.  Therefore, ACN's case does not fall under section 203's subject matter jurisdiction provision. *Second*, Defendants fail to show that this Court has federal admiralty jurisdiction because ACN's case involves neither a tort, nor any other factual event, occurring on navigable waters.  *Third*, Defendants fail to show that this Court has subject matter jurisdiction on the basis of diversity.  ACN's First Amended Complaint does not specify an amount in controversy.  Therefore, Defendants bear the burden of showing, by a preponderance of the evidence, that the amount in controversy is over $75,000. Defendants have not met that burden.  *Finally*, even if this Court were to determine that it has subject matter jurisdiction over ACN's state court action, remand is nevertheless appropriate here under the *Younger* abstention doctrine because:  (1) ACN's state court action is ongoing; (2) the state court action implicates important state interests; (3) Defendants are not barred from litigating their federal claims in the state court action; and (4) Defendants' federal court action impermissibly seeks to enjoin or dismiss ACN's state court action.

1      This motion will be based on this Notice of Motion and Motion, and the

2    supporting Memorandum of Points and Authorities filed hereto, and other pleadings,

3    records and papers on file in this action, and any such other evidence as may be

4    presented at the time of the hearing on this Motion.

5

6    Dated:  October 24, 2023              GIBSON, DUNN & CRUTCHER LLP

7                                          JAMES J. FARRELL
                                           DIANE CHAN
8                                          ZACHARY A. KADY

9

10                                         By:_____/s/ *James J. Farrell*_____

11                                              James J. Farrell

12                                         *Attorneys for Plaintiff America Chung Nam, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 2

III. LEGAL STANDARD ...................................................................................... 3

IV. ARGUMENT ................................................................................................... 3

    A.    This Court Does Not Have Subject Matter Jurisdiction Under 9 U.S.C. §§ 203, 205. ......................................................................................... 4

    B.    This Court Does Not Have Federal Question Jurisdiction Under Federal Admiralty Laws ............................................................................... 6

    C.    This Court Does Not Have Subject Matter Jurisdiction on the Basis of Diversity .............................................................................................. 7

    D.    This Court Should Deny Defendants' Motion to Dismiss and Compel Arbitration Under the *Younger* Abstention Doctrines. ................ 9

        1.    ACN's State Court Action Is Ongoing. ........................................ 10

        2.    ACN's State Court Action Implicates Important State Interests. ...................................................................................... 10

        3.    Defendants Are Not Barred From Litigating Their Claims in the State Court Action ................................................................. 12

        4.    Defendants' Federal Action Seeks to Interfere With ACN's Ongoing State Court Action. .......................................... 12

V. CONCLUSION ................................................................................................. 13

Gibson, Dunn & Crutcher LLP

PLAINTIFF AMERICA CHUNG NAM, LLC'S MOTION FOR REMAND – CASE NO. 2:23-cv-07676

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Buckeye Check Cashing, Inc. v. Cardegna*,
  546 U.S. 440 (2006)............................................................................. 12

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)........................................................................... 3, 6

*CF Med., LLC v. St. Alexius Hosp. Corp.*,
2011 WL 1990557 (C.D.Cal. May 20, 2011) .................................... 9

*Commuc'ns Telesystems Intern. v. Cal. Public Util. Comm'n*,
  196 F.3d 1011 (9th Cir. 1999) .......................................................... 11

*Emrich v. Touche Ross & Co.*,
  846 F.2d 1190 (9th Cir. 1988) ............................................................ 3

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .......................................................... 3, 8

*GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC et al.*,
  140 S. Ct. 1637 (2020) ....................................................................... 6

*Grubart v. Great Lakes Dredge & Dock Co.*,
  513 U.S. 527 (1995)............................................................................ 7

*Gruver v. Lesman Fisheries Inc.*,
  489 F.3d 978 (9th Cir. 2007) .............................................................. 7

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) .............................................................. 8

*Haw. Hous. Auth. v. Midkiff*,
  467 U.S. 229 (1984).......................................................................... 11

*Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*,
  631 F.3d 1133 (9th Cir. 2011) ......................................................... 4, 5

*Kirby Morgan, Inc. v. Hydrospace, Ltd.*,
  2009 WL 32588 (C.D. Cal. 2009) ..................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)............................................................................ 3

*M & A Gabaee v. Cmty. Redevelopment Agency*,
  419 F.3d 1036 (9th Cir. 2005) .......................................................... 11

*Matheson v. Progressive Specialty Ins. Co.*,
  319 F.3d 1089 (9th Cir. 2003) ..................................................... 2, 8, 9

*Meredith v. Oregon*,
  321 F.3d 807 (9th Cir. 2003) ........................................................... 11

Gibson, Dunn &
Crutcher LLP

*Middlesex County Ethics Committee v. Garden State Bar Ass'n,*
   457 U.S. 423 (1982) .............................................................................. 9, 10

*Monster Beverage Corp. v. Herrera,*
   650 F. App'x 344 (9th Cir. 2016) ........................................................... 11

*Moore v. Sims,*
   442 U.S. 415 (1979) .................................................................................. 9

*New Orleans Public Service, Inc. v. Council of the City of New Orleans,*
   491 U.S. 350 (1989) ................................................................................ 11

*Nishimoto v. Federman-Bachrach & Assocs.,*
   903 F.2d 709 (9th Cir. 1990) .................................................................... 3

*Pennzoil Co. v. Texaco, Inc.,*
   481 U.S. 1 (1987) .................................................................................... 12

*Quackenbush v. Allstate Ins. Co.,*
   517 U.S. 706 (1996) .................................................................................. 9

*San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose,*
   546 F.3d 1087 (9th Cir. 2008) ........................................................... 10, 13

*Sanchez v. Monumental Life Ins. Co.,*
   102 F.3d 398 (9th Cir. 1996) .................................................................... 8

*Takeda v. Nw. Nat. Life Ins. Co.,*
   765 F.2d 815 (9th Cir. 1985) .................................................................... 9

*Thompson v. Payless Shoesource, Inc.,*
   2009 WL 10674309 (C.D. Cal. Aug. 18, 2009) ....................................... 8

*Uzoebo v. Ocwen Loan Servicing LLC,*
   2013 WL 6018067 (C.D. Cal. Nov. 12, 2013) ......................................... 9

*United States v. Morros,*
   268 F.3d 695 (9th Cir. 2001) .................................................................... 9

*Younger v. Harris,*
   401 U.S. 37 (1971) ........................................................................ 9, 10, 13

**Statutes**

9 U.S.C. § 203 ............................................................................................ 5

9 U.S.C. § 205 ......................................................................................... 4, 5

9 U.S.C. § 206 ............................................................................................ 6

9 U.S.C. § 207 ............................................................................................ 6

28 U.S.C. § 1441(a) ................................................................................... 3

Cal. Bus. & Prof. Code § 17200 *et seq.* ................................................... 8

Cal. Bus. & Prof. Code § 17500 *et seq.* ..........................................................................8

Cal. Civ. Proc. Code § 2033.710 ...................................................................................13

Convention, art. I(1), 21 U.S.T. 2517. ............................................................................6

Gibson, Dunn &
Crutcher LLP

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On August 14, 2023, Plaintiff America Chung Nam, LLC ("Plaintiff" or "ACN") commenced an action in Los Angeles Superior Court to hold Defendants Mitsui O.S.K. Lines, Ltd., MOL Drybulk, Ltd. and MOL (Americas), LLC (together, "Defendants") accountable for their unlawful attempts to exploit the extraordinary circumstances caused by the COVID-19 pandemic to engage in unfair and unlawful business practices in violation of California state law.  Shortly thereafter, ACN served Defendants with discovery requests—including a specific form of interrogatory that is uniquely available to ACN under California's civil procedure rules—to seek information and admissions regarding Defendants' unlawful business practices.

Rather than face ACN's allegations and discovery in state court, Defendants instead immediately filed a notice of removal and motion to compel arbitration—notwithstanding the fact that Defendants easily could—and should—have raised their arbitration defense in the state court action.  Now, in a barely disguised attempt at forum shopping, Defendants demand that this Court dismiss ACN's state court action in its entirety, or, in the alternative, stay that action pending arbitration.  Arbitration Motion[1] at 2.  Either outcome would force ACN to abandon its pending discovery requests, including those that are only available to ACN in the state court action pursuant to California civil procedure rules.

This Court should deny Defendants' attempt to remove the state court action for several independent reasons.  *First*, Defendants incorrectly claim that sections 203 and 205 of the Federal Arbitration Act ("FAA") grant this Court subject matter jurisdiction over ACN's case.  Notice[2]  ¶¶ 5-12.  The plain language of the FAA, as well as the

---

[1] "Arbitration Motion" refers to the "Motion to Dismiss First Amended Complaint Or, In The Alternative, To Stay And Compel Arbitration," filed by Defendants in this action on October 6, 2023.

[2] "Notice" refers to the Notice of Removal filed by Defendants in this action on September 14, 2023, including any exhibits thereto.

allegations on the face of ACN's First Amended Complaint ("FAC"), make clear that ACN's case does not fall under the FAA's subject matter jurisdiction provisions because it does not seek to enforce an arbitration agreement, nor does it seek to enforce an arbitral award.

*Second*, Defendants incorrectly argue that this Court may exercise federal admiralty jurisdiction over the state court action pursuant to 28 U.S.C. § 1333(1). Here again, Defendants' assertion is flatly repudiated by well-settled law that limits the application of federal admiralty jurisdiction to cases involving either a tort, or some other factual event, that occurred on navigable waters.  ACN's case has neither.

*Third*, Defendants have not demonstrated that this Court has subject matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332(a).  Because ACN's FAC does not specify, on its face, an amount in controversy, Defendants have the burden of showing, "by a preponderance of the evidence," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), that the amount in controversy threshold for diversity purposes has been satisfied.  Defendants have not met that burden.

*Finally*, Defendants' claims regarding subject matter jurisdiction ultimately ring hollow because ACN's case falls squarely within the types of cases to which the *Younger* abstention doctrine should apply.  Pursuant to that doctrine, this Court can, and should, abstain from deciding ACN's federally removed case, even if the Court were to determine that it has subject matter jurisdiction.

For the aforementioned reasons, ACN therefore requests that this Court deny Defendants' removal request, dismiss Defendants' motion to compel arbitration, and remand ACN's case back to the Los Angeles Superior Court.

## II.    BACKGROUND

ACN respectfully refers the Court to, and incorporates by reference, the facts set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss, Or In The Alternative, To Stay And Compel Arbitration ("Opposition"), filed herewith.

### III.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction means that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *id.* at 566, and "the defendant always has the burden of establishing that removal is proper," *id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). "[It] is now settled law" that the defendant fails to satisfy that burden if they seek removal "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That is because as "the master of [its] claim[s]," the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law[,]" should they choose to do so. *Caterpillar*, 482 U.S. at 392, 399 (if the defendant could manipulate "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing.").

### IV.    ARGUMENT

Defendants have not satisfied their "burden of establishing that removal [of ACN's state court action] is proper." *Gaus*, 980 F.2d at 566. Defendants seek removal on three separate grounds:  (i)  subject matter jurisdiction under sections 203 and 205 of the FAA, Notice ¶¶ 5-12; (ii) federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) and 28 U.S.C. § 1441(a), *id.* ¶ 14; and (iii) subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis of diversity, *id.* ¶ 13.  For the reasons discussed below, Defendants' arguments in support of removal on these grounds are unavailing.

1    Therefore, this Court does not have subject matter jurisdiction over ACN's state court

2    action.  Furthermore, Defendants' claims regarding subject matter jurisdiction are

3    ultimately beside the point because the *Younger* abstention doctrine applies here.

4    *Younger* demands dismissal of Defendants' motion to compel arbitration, and remand

5    of ACN's case, regardless of whether or not the Court has subject matter jurisdiction.

6    **A.    This Court Does Not Have Subject Matter Jurisdiction Under 9**

7    **U.S.C. §§ 203, 205.**

8    Defendants first contend that this Court has subject matter jurisdiction pursuant

9    to sections 203 and 205 of the FAA.  But neither the statutory language of the FAA,

10   nor the allegations on the face of ACN's complaint, support that claim.

11   To start, Defendants rely on a fundamental misreading of sections 203 and 205.

12   Those provisions grant federal district courts with separate and distinct forms of

13   jurisdiction under the FAA.  Section 205 confers federal district courts with *removal*

14   *jurisdiction* over a state court action or proceeding whose "subject matter . . . relates to

15   an arbitration agreement or award falling under the [New York Convention on the

16   Recognition and Enforcement of Foreign Arbitral Awards ("Convention")]."  9 U.S.C.

17   § 205.  However, section 205 does not, by itself, grant federal courts with *subject*

18   *matter jurisdiction* over such cases.  Instead, federal courts must rely on section 203 to

19   establish subject matter jurisdiction under the FAA.  *See Infuturia Global Ltd. v.*

20   *Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133 (9th Cir. 2011) (finding that federal

21   district court had removal jurisdiction pursuant to 9 U.S.C. § 205 over state action to

22   enforce arbitral award, but declining to find whether federal court also had subject

23   matter jurisdiction over the case pursuant to 9 U.S.C. § 203).  Section 203 grants

24   federal district courts with subject matter jurisdiction over "action[s] or proceeding[s]

25   that fall under the Convention."  9 U.S.C. § 203.  "[A] federal court must have both

26   removal and subject matter jurisdiction to hear a case removed from state court."

27   *Infuturia*, 631 F.3d at 1135 n.1.

28

Defendants' removal argument under the FAA fails at the outset because it conflates sections 203 and 205. In particular, Defendants' argument for why this Court has subject matter jurisdiction under the FAA rests entirely on section 205 alone. Indeed, Defendants repeatedly invoke the legal standard under section 205 to discuss why ACN's state court action purportedly "relates to" the arbitration provision in the parties' shipping contract, which Defendants, in turn, argue is the type of agreement to which the Convention applies. S*ee* Notice ¶¶ 6-10 (claiming that ACN's state court action "relates" to an arbitration agreement that falls under the Convention, pursuant to 9 U.S.C. §§ 202, 205). But section 205 only grants federal courts removal jurisdiction where other requirements of that statute have been met; it does not confer subject matter jurisdiction.

In fact, Defendants' only attempt at addressing subject matter jurisdiction under section 203 is to state, in passing, that such jurisdiction exists here because "Plaintiff's action *arises out of contracts* for the charter of oceangoing vessels, each of which included an agreement to arbitrate *falling under the provisions of*" the FAA and Convention. Notice ¶ 5 (emphasis added). That statement is no more than a re-phrasing of the legal standard for *removal jurisdiction* under section 205, and bears no resemblance to either the plain language or meaning of section 203. *See* 9 U.S.C. §§ 203, 205. To be clear, the legal standard for determining *subject matter jurisdiction* under section 203 is not, as Defendants claim, whether a state court action "arises out of [a] contract" that "fall[s] under the provisions of" the FAA. *Id.* Instead, the state court action *itself* must be the type of "action or proceeding" that is covered by the provisions of the FAA. *See* 9 U.S.C. § 203. The Supreme Court, this Court, and the plain language of the Convention itself, all make clear that the only types of actions or proceedings that the FAA applies to are: (1) actions to enforce an arbitration agreement that itself satisfies the requirements of section 202 of the FAA; or (2) actions to enforce an arbitral award against any other party to an arbitration agreement falling under the Convention. *See, e.g.*, 9 U.S.C. §§ 206, 207; *Kirby Morgan, Inc. v.*

Gibson, Dunn & Crutcher LLP

*Hydrospace, Ltd.*, 2009 WL 32588, at \*4 (C.D. Cal. 2009); *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC et al.*, 140 S. Ct. 1637, 1644 (2020); Convention, art. I(1), 21 U.S.T. 2517.

ACN's state court action is plainly neither an action to enforce an arbitration agreement, nor an action to confirm an arbitral award.  Thus, even if Defendants had properly applied section 203 to ACN's state court action, that provision cannot confer this Court with subject matter jurisdiction over ACN's case.  That Defendants are now seeking to compel arbitration of ACN's claims under federal law does not change that conclusion.  *First*, it is axiomatic that "a case may not be removed to federal court on the basis of a federal defense," where, as is the case here, plaintiff's state court action only asserts causes of action under state law.  *Caterpillar*, 482 U.S. at 393.  As the "master of [its] claim[s]," ACN is entitled to "avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  *Second*, as discussed further in ACN's Opposition, Defendants' motion to compel arbitration fails regardless because the parties amended their shipping contract in April 2022 to acknowledge that ACN could not use Defendants' vessels, and to change the dispute resolution process accordingly by dropping the arbitration provision.  *See* Opposition at Part III.A.

Because Defendants do not—and cannot—show that this Court has both section 205 removal jurisdiction and section 203 subject matter jurisdiction, their argument that ACN's case is removable under the FAA fails.

**B.    This Court Does Not Have Federal Question Jurisdiction Under Federal Admiralty Laws.**

Defendants claim that this Court has federal question jurisdiction over ACN's state court action because it "relates to and arises out of maritime contracts (i.e., vessel charter parties) and thus . . . falls within federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1)."  Notice ¶ 14.  Defendants are wrong.

It is black-letter law that "[a] party seeking to invoke federal maritime jurisdiction over a tort claim must satisfy *both* a location test and a connection test."

*Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007) (emphasis added). More specifically:

> The location test focuses on whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test has two prongs, each of which must be met for admiralty jurisdiction to be proper: A court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce. The second prong of the connection test requires us to examine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

*Id.* (internal quotation marks and citations omitted); *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Those tests are not met here. To start, none of the allegations in ACN's state court case concern any cause of action or other factual event that occurred on "navigable water." *Id.*; *see* Notice at Ex. A. To the contrary, ACN alleges that it "*could not use* [Defendants'] vessels to export wood chips to China[.]" Notice at Ex. A ¶ 6 (emphasis added). Therefore, Defendants cannot satisfy the "location test." *Gruver*, 489 F.3d at 982. Their inability to do so is fatal to their claim of federal admiralty jurisdiction under 28 U.S.C. § 1333(1) because Defendants must show that *both* the "location test" and the "connection test" are satisfied in order for federal admiralty jurisdiction to apply. *Id.*; *Grubart*, 513 U.S. at 527.

## C. This Court Does Not Have Subject Matter Jurisdiction on the Basis of Diversity.

Defendants allege that this Court "also has subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis of diversity." Notice ¶ 13. For purposes of 28 U.S.C. § 1332(a) "diversity" only exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" There is no such diversity here because Defendants' allegations regarding the amount in controversy are based on speculation. That is insufficient to defeat

1  remand.  *See Thompson v. Payless Shoesource, Inc.*, 2009 WL 10674309, at *2 (C.D.

2  Cal. Aug. 18, 2009) (a speculative argument regarding the potential value of the

3  amount in controversy is insufficient to overcome remand).

4         Where a complaint filed in the state court does not specify damages in excess of

5  the federal jurisdictional limit, "it is not facially evident from the . . . complaint that the

6  controversy involves more than $75,000." *Matheson*, 319 F.3d at 1091.  Accordingly,

7  the removing defendant must set forth "in the removal petition itself, the underlying

8  facts supporting its assertion that the amount in controversy exceeds [$75,000]."

9  *Gaus*, 980 F.3d at 567.  The facts set forth must prove by a preponderance of the

10 evidence that the amount in controversy exceeds the jurisdictional threshold.

11 *Matheson*, 319 F.3d at 1090; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699

12 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

13 1996).  A case must be remanded when it is questionable whether the defendant has

14 met this burden.  *See, e.g.*, *Gaus*, 980 F.2d at 566 (The "strong presumption" against

15 removal jurisdiction means that "federal jurisdiction must be rejected if there is any

16 doubt as to the right of removal in the first instance").

17        There are no allegations on the face of ACN's FAC that specify an amount in

18 controversy, let alone an amount that exceeds $75,000.  The primary allegations at

19 issue in the FAC are Defendants' violations of California's unfair competition laws

20 pursuant to sections 17200 and 17500 of the California Business and Professions Code.

21 These statutory claims do not provide for damages.  *See* Cal. Bus. & Prof. Code

22 §§ 17200 *et seq.*, 17500 *et seq.*  Furthermore, the primary relief sought in the FAC is

23 equitable—namely, injunctions preventing Defendants' continued violation of these

24 laws.  Under these circumstances, Defendants bear the burden of proving, "by a

25 preponderance of the evidence," that the amount in controversy exceeds the $75,000

26 jurisdictional threshold.  *Matheson*, 319 F.3d at 1090.  They have not done so.

27

28

Accordingly, this Court does not have diversity jurisdiction over ACN's state court action.[3]

### D.    This Court Should Deny Defendants' Motion to Dismiss and Compel Arbitration Under the *Younger* Abstention Doctrines.

Even if this Court were to find that it has subject matter jurisdiction over ACN's state court action for the reasons enumerated by Defendants, it should nevertheless abstain from adjudicating ACN's case under the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971).  That doctrine "embodies a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances."  *Beltran v. State of California*, 871 F.2d 777, 781 (9th Cir. 1988) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Younger*, 401 U.S. at 45.  Defendants' attempt to dismiss, or in the alternative enjoin, ACN's state court action by removing it to federal court falls squarely within the types of cases to which the *Younger* abstention principles apply.

---

[3] Defendants' papers filed in support of their own Arbitration Motion confirm that a Hong Kong-based affiliate of ACN, Hong Kong Chung Nam Trading Co. Limited ("ACN Hong Kong"), was appointed as an agent to ACN's and Defendants' shipping contract.  *See* Declaration of Conte C. Cicala in Support of Defendants' Application to Seal Exhibits and Portions of Defendants' Motion to Dismiss First Amended Complaint or, in the Alternative, to Stay and Compel Arbitration, at Exhibit 2 ¶ 70.  Therefore, should this Court find that diversity jurisdiction exists here, ACN respectfully requests the opportunity to amend its FAC to include ACN Hong Kong as an indispensable party.  As explained by the Ninth Circuit, where a missing party is in privity or has a sufficiently close relationship to an existing party such that collateral estoppel may arise, the missing party should be added and the action remanded to state court if the missing party destroys diversity jurisdiction.  *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985).  *See also CF Med., LLC v. St. Alexius Hosp. Corp.*, 2011 WL 1990557, at *7 (C.D.Cal. May 20, 2011) (finding that intervenor was an indispensable party because "Plaintiff and Defendants run the risk of prevailing in this matter only to find that they cannot collect on their judgment because [intervenor] is the true owner of the Accounts" and then remanding the action for further proceedings); *Uzoebo v. Ocwen Loan Servicing LLC*, 2013 WL 6018067, at *4 (C.D. Cal. Nov. 12, 2013) (ordering remand).  As ACN Hong Kong is the real party in interest, it is indispensable and warrants remand to state court.

*Younger* abstention requires federal courts to refrain from exercising jurisdiction where four requirements are met: "(1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the [state court] proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Issuing a "stay" of the federal action is not sufficient; *Younger* abstention requires dismissal where the Younger factors are satisfied. *Beltran*, 871 F.2d at 781. Because each of these four factors is satisfied here, the Court must dismiss this action to allow ACN's state court action to proceed accordingly.

### 1.    ACN's State Court Action Is Ongoing.

There can be no doubt that a state-initiated proceeding is ongoing. On August 14, 2023, ACN filed its initial summons and complaint against Defendants in Los Angeles Superior Court. ACN filed its first amended summons and complaint against Defendants on September 11, 2023. On September 13, 2023, ACN served interrogatories, requests for admissions, and requests for documents on Defendants. Defendants filed their Notice of Removal on September 14, 2023. "*Younger* abstention is required . . . when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *M & A Gabaee v. Cmty. Redevelopment Agency*, 419 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984)) (emphasis omitted). Moreover, for purposes of *Younger* abstention, a state proceeding is "initiated no later than when it is filed." *Id.* (quotation marks omitted). Because ACN's state court action was filed before Defendants' initiation of their federally removed action, the first prong of the *Younger* analysis is easily satisfied.

### 2.    ACN's State Court Action Implicates Important State Interests.

ACN's lawsuit against Defendants implicates important California state interests.  When assessing the importance of a state's interests, courts "do not look narrowly to its interest in the outcome of the particular case."  *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 365 (1989).  Rather, courts consider "the importance of the generic proceedings to the State."  *Id.*

Courts have repeatedly held that states have an important interest in protecting consumers from unfair and deceptive business practices, and providing compensation to consumers harmed by those practices.  *See Monster Beverage Corp. v. Herrera*, 650 F. App'x 344, 346 (9th Cir. 2016) ("*Younger* abstention is appropriate as the People of California have a strong interest in ensuring that a company providing consumer products is doing so in a manner consistent with the state's unfair business practices laws."); *Commuc'ns Telesystems Intern. v. Cal. Public Util. Comm'n*, 196 F.3d 1011, 1017 (9th Cir. 1999) (noting that states have an important interest in protecting consumers from unfair and deceptive business practices); *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003) (noting that protecting residents' safety is a vital state interest).

Here, ACN's state court action directly implicates California's important interests in protecting its residents from unfair and unlawful business practices, and from fraudulent advertising.  In particular, ACN seeks to hold Defendants accountable for exploiting the COVID-19 pandemic to engage in price gouging during an ongoing state of emergency, in violation of section 396 of the California Penal Code.  *See* Notice at Ex. A ¶¶ 44-53.  ACN also seeks to hold Defendants liable for false and misleading statements that Defendants made in connection with the promotion of their services during the pandemic.  *Id.* ¶¶ 54-89.  Those statements included repeated assurances Defendants made to customers, including ACN, that Defendants were committed to maintaining safe operations during the pandemic, and would work with customers to mitigate any inconvenience caused by the pandemic.  *Id.*  Furthermore, ACN's complaint seeks a public injunction prohibiting Defendants' ongoing false and

1  deceptive concept.  *Id.* at 19.  In short, the second prong of the *Younger* abstention

2  doctrine is plainly met here.

### 3.    Defendants Are Not Barred From Litigating Their Claims in the State Court Action.

5  *Younger*'s third requirement is easily satisfied because Defendants may raise

6  their motion to compel arbitration (or any other legal challenge) in ACN's state court

7  action.  State court proceedings are presumed adequate to adjudicate federal claims "in

8  the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*,

9  481 U.S. 1, 15 (1987).  Defendants bear the burden of "show[ing] that state procedural

10  law bar[s] presentation of [their] claims."  *Id.* at 14.  The California state court where

11  ACN's case is pending is competent to decide issues of federal law, including those

12  that Defendants have raised here.  *See Buckeye Check Cashing, Inc. v. Cardegna*, 546

13  U.S. 440, 445 (2006) ("the FAA created a body of federal substantive law, which was

14  applicable in state and federal courts." (internal quotation marks and edits omitted)).

15  Therefore, Defendants cannot meet that burden.  *Pennzoil*, 481 U.S. at 15.

### 4.    Defendants' Federal Action Seeks to Interfere With ACN's Ongoing State Court Action.

18  Finally, the relief that Defendants seek in this action will undoubtedly interfere

19  with ACN's ongoing state court proceedings.  Defendants request an order from this

20  Court either "dismissing all [of ACN's] claims against them, or in the alternative,

21  compelling the case to arbitration and staying the entirety of these proceedings pending

22  resolution of that arbitration."  Arbitration Motion at 1.  If this Court were to grant

23  Defendants' relief, ACN would be forced to abandon its ongoing state court case.  This

24  is the quintessential type of interference *Younger* prohibits.  *See San Jose Silicon*

25  *Valley Chamber of Commerce*, 546 F.3d at 1095.

26  *Younger* abstention is particularly appropriate here because ACN has already

27  served Defendants with discovery requests in the state court action.  Those requests

28  include, among other things, certain forms of interrogatories that are uniquely available

to ACN under California procedural rules. Those interrogatories, combined with the requests for admissions that ACN also previously served, entitle ACN to seek certain information and admissions from Defendants that otherwise may not be available to it under the Federal Rules of Civil Procedure. *See* Cal. Civ. Proc. Code § 2033.710. Applying the *Younger* doctrine under these circumstances would be consistent with "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger*, 401 U.S. at 41.

## V.  CONCLUSION

For the reasons stated herein, the Court should grant ACN's motion and remand this case back to its proper forum in Los Angeles Superior Court.


Dated:  October 24, 2023              GIBSON, DUNN & CRUTCHER LLP
                                      JAMES J. FARRELL
                                      DIANE CHAN
                                      ZACHARY A. KADY


                                      By:_____/s/ *James J. Farrell*_____
                                           James J. Farrell

                                      *Attorneys for Plaintiff America Chung Nam, LLC*