1  **GIBSON, DUNN & CRUTCHER LLP**
   James J. Farrell, (CA SBN 166595)
2      JFarrell@gibsondunn.com
   Diane Chan, NY SBN 5411723, *pro hac vice*
3      DChan@gibsondunn.com
   Zachary A. Kady, NY SBN 5374871, *pro hac vice* pending
4      ZKady@gibsondunn.com
   200 Park Avenue
5  New York, NY 10166-0193
   Telephone: (212) 351-4000
6  Facsimile: (212) 351-4035

7  Raymond A. LaMagna (CA SBN 244821)
      RLaMagna@gibsondunn.com
8  333 South Grand Avenue
   Los Angeles, CA 90071-3197
9  Telephone: (213) 229-7101
   Facsimile: (213) 229-6101

10

   Attorneys for Plaintiff America Chung Nam,
11 LLC

12

13                **UNITED STATES DISTRICT COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15

16 AMERICA CHUNG NAM, LLC,                    Case No. 2:23-cv-07676-SB-JPR

17              *Plaintiff,*                   Hon. Stanley Blumenfeld, Jr.

18        v.                                   **PLAINTIFF AMERICA CHUNG**
                                               **NAM, LLC's REPLY IN FURTHER**
19 MITSUI O.S.K. LINES, LTD., MOL             **SUPPORT OF MOTION TO**
   (AMERICAS), LLC, and MOL                   **REMAND**
20 DRYBULK, LTD.,

21              *Defendants.*                  Hearing:
                                               Date: December 1, 2023
22                                             Time:  8:30 a.m.
23                                             Place: Courtroom 6C
                                               350 W. First Street
24                                             Los Angeles, CA 90012
                                               Judge: Stanley Blumenfeld, Jr.
25                                             Action Filed: August 14, 2023
                                               Removed: September 14, 2023
26                                             Trial Date: None Set
27

28

Gibson, Dunn &
Crutcher LLP

                                      1
─────────────────────────────────────────────────────────

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ..................................................................................................... 2

   A.   The Addenda to the Charter Agreements Render the FAA Inapplicable to This Proceeding. ................................................... 2

      1.   This Court Must, as a Threshold Matter, Determine Whether An Arbitration Agreement Exists Under State Law. ....................... 3

      2.   The FAA Does Not Apply Because There Is No Binding Arbitration Agreement Between the Charter Parties. ...................... 5

   B.   Even if an Arbitration Agreement Exists, This Court Still Would Not Have Jurisdiction Under Either Sections 205 or 203 of the FAA. ....................................................................................................... 6

   C.   This Court Does Not Have Federal Question Jurisdiction Under Federal Admiralty Laws. ................................................................... 7

   D.   Defendants Have Not Met Their Burden of Proving Diversity Jurisdiction. .................................................................................... 9

   E.   ACN Should Be Granted Leave to Permissively Join ACN Hong Kong as a Plaintiff. ..................................................................... 10

   F.   All of the Younger Abstention Factors Have Been Met. ................ 11

      1.   ACN's State Court Action Is Ongoing. ........................................ 12

      2.   ACN's State Court Action Implicates Important State Interests, and Defendants Are Not Barred From Litigating Federal Claims in That Action. ...................................................... 13

      3.   Defendants' Federal Action Seeks to Interfere With ACN's Ongoing State Court Action. ......................................................... 14

III. CONCLUSION .............................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643, 649 (1986) ................................................................ 3

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ......................................................... 7

*Commerzbank Aktiengesellschaft v. M/V UTOPIE*,
2014 WL 1572438 (E.D. La. Apr. 17, 2014) ............................... 8

*Commuc'ns Telesystems Intern. v. Cal. Public Util. Comm'n*,
196 F.3d 1011 (9th Cir. 1999) ....................................................... 13

*Day v. Orrick, Herrington & Sutcliffe*,
LLP, 42 F.4th 1131 (9th Cir. 2022) ................................................ 7

*Faysound Ltd. v. United Coconut Chems.*,
878 F.2d 290 (9th Cir. 1989) ......................................................... 11

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) ......................................................................... 3

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ..................................................... 9, 10

*Goldman, Sachs & Co. v. City of Reno*,
747 F.3d 733 (9th Cir. 2014) ........................................................ 3, 4

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
561 U.S. 287 (2010) ......................................................................... 3

*Grubart v. Great Lakes Dredge & Dock Co.*,
513 U.S. 527 (1995) ................................................................. 2, 7, 9

*Gruver v. Lesman Fisheries Inc.*,
489 F.3d 978 (9th Cir. 2007) ........................................................ 7, 8

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ......................................................... 9

*Haw. Hous. Auth. v. Midkiff*,
467 U.S. 229 (1984) ....................................................................... 12

*Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*,
631 F.3d 1133 (9th Cir. 2011) ....................................................... 6

*Jackson v. Amazon.com*,
65 F.4th 1093 (9th Cir. 2023) ........................................................ 7

*Johnson v. Walmart Inc.*,
57 F.4th 677 (9th Cir. 2023) ........................................................ 4, 5

ii

Gibson, Dunn &
Crutcher LLP

*Lamps Plus, Inc. v. Varela*,
   139 S.Ct. 1407 (2019)............................................................................................ 14

*Lowden v. T-Mobile USA, Inc.*,
   512 F.3d 1213 (9th Cir. 2008) ........................................................................ 3, 5

*M & A Gabaee v. Cmty. Redevelopment Agency*,
   419 F.3d 1036 (9th Cir. 2005) ...................................................................... 12, 13

*Masterson v. Sine*,
   68 Cal.2d 222, 65 Cal.Rptr. 545, 436 P.-2d 561 (1968)........................................ 5

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) .............................................................................. 9

*Meredith v. Oregon*,
   321 F.3d 807, 818 (9th Cir. 2003) ..................................................................... 13

*Miller v. Tri Marine Fish Co.*,
   2016 WL 3545523 (C.D. Cal. 2016) ................................................................. 3, 5

*Monster Beverage Corp. v. Herrera*,
   650 F. App'x 344 (9th Cir. 2016) ...................................................................... 13

*Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*,
   20 F.3d 987 (9th Cir. 1994) .............................................................................. 11

*Pennzoil Co. v. Texaco, Inc.*,
   481 U.S. 1 (1987).............................................................................................. 14

*San Jose Silicon Valley Chamber of Commerce Political Action*
   *Committee v. City of San Jose*,
   546 F.3d 1087 (9th Cir. 2008) ...................................................................... 12, 14

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ............................................................................... 9

*Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*,
   2015 WL 5471434 (C.D. Cal. Sept. 18, 2015) ................................................. 3, 5

*Suski v. Coinbase, Inc.*,
   55 F.4th 1227 (9th Cir. 2022) ................................................................... 3, 4, 5, 6

*Vaden v. Discover Bank*,
   556 U.S. 49 (2009) ........................................................................................... 14

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989).......................................................................................... 3, 4

*Williams v. Atria Las Posas*,
   24 Cal. App. 5th 1048, 235 Cal. Rptr. 3d 341 (Ct. App. 2018) .............................. 5

*Williams v. King*,
   696 F. App'x 283 (9th Cir. 2017) ...................................................................... 12

1

**Statutes**

2  9 U.S.C. §202 .................................................................................................. 4

3  9 U.S.C. §203 .................................................................................................. 4

4  9 U.S.C. §205 ............................................................................................... 4, 6

5  **Rules**

6  Fed. R. Civ. P. 20(a)(1) .......................................................................... 10, 11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

Defendants' Remand Opposition[1] simply confirms that their removal of ACN's state court action is improper and that remand is warranted because:  (1) this Court does not have either removal or subject matter jurisdiction over ACN's state court action pursuant to the Federal Arbitration Act ("FAA"); (2) this Court does not have admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1); (3) this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); and (4) this action meets all of the factors that weigh in favor of dismissal on *Younger* abstention grounds.  Each of Defendants' efforts to argue otherwise is foreclosed by binding legal precedent that Defendants make little effort to address, let alone meaningfully rebut.

*First*, Defendants continue to misread the legal standard for removal and subject matter jurisdiction under sections 205 and 203 of the FAA and they completely ignore the parties' superseding dispute resolution provisions that do not include arbitration. Courts routinely hold that when the existence of an arbitration agreement is at issue, as is the case here, then the Court must first look to state law principles to determine whether such an agreement exists in the first instance.  Applying those state law principles here leads to the conclusion that there is no binding arbitration agreement between the Charter Parties,[2] and therefore the FAA cannot apply to confer any type of jurisdiction over this action.

---

[1] "Remand Opposition" refers to Defendants' Opposition to Motion to Remand by Plaintiff America Chung Nam, LLC, filed November 7, 2023; "Remand Motion" refers to the Notice of Motion And Motion to Remand By Plaintiff America Chung Nam, LLC, filed on October 24, 2023; "Arbitration Opposition" refers to Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Stay and Compel Arbitration, filed October 24, 2023; and "Arbitration Reply" refers to Defendants' Reply in Further Support of Motion to Dismiss First FAC or, in the Alternative, to Stay and Compel Arbitration, dated November 7, 2023.

[2] "Charter Parties" refers to the signatories to the Charter Agreements; "Charter Agreements" refers to, collectively, the contracts executed by the Charter Parties on July 21, 2021 and April 1, 2022, *see* Declaration of Kenichi Ikehashi, dated October 6, 2023, ("Ikehashi Decl.") at Exs. A and B; "Addenda" refers, collectively, to Addendum No. 11 to the July 21, 2021 Charter Agreement, and Addendum No. 6 to the April 1, 2022 Charter Agreement, *see* Ikehasi Decl. at Ex. A at 39; *id.* at Ex. B at 27.

*Second*, Defendants' attempt at establishing admiralty jurisdiction relies entirely on outdated or non-precedential case law. Those cases do not abrogate the legal standard set forth in *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) that admiralty jurisdiction applies only where an action meets *both* the "location test" and the "connection test" enumerated therein. This case satisfies neither requirement.

*Third*, Defendants' Remand Opposition largely repeats the same conclusory arguments that it made in its Removal Petition regarding diversity jurisdiction. Those arguments do not satisfy Defendants' burden of proving "by a preponderance of the evidence," that the amount in controversy in ACN's state court action exceeds the $75,000 threshold requirement of 28 U.S.C. 1332(a). And at any rate, ACN should be granted leave to permissively join its Hong Kong affiliate as a plaintiff in this action, which would render moot Defendants' diversity jurisdiction claims.

*Finally*, Defendants' efforts to defeat application of the *Younger* abstention doctrine ignores both the underlying legal standard and the relevant case law. This case satisfies each of the factors that weigh in favor of dismissal on *Younger* abstention grounds.

## II.    ARGUMENT

### A.    The Addenda to the Charter Agreements Render the FAA Inapplicable to This Proceeding.

As set forth in ACN's Remand Motion and in its Arbitration Opposition, Defendants' argument for removal pursuant to the FAA is fatally flawed because, among other reasons, the parties deliberately removed the Charter Agreements' arbitration provisions through Addenda that the parties executed in November and December of 2022. That renders the FAA inapplicable to this proceeding because there is no binding arbitration agreement that can serve as the basis for any jurisdiction under the FAA—whether removal jurisdiction under section 205, or subject matter jurisdiction under section 203—or a motion to compel arbitration. *See* Remand

Motion at 6; Arbitration Opposition at 5-8.  Defendants' Remand Opposition does nothing to remedy that fatal deficiency.

### 1. This Court Must, as a Threshold Matter, Determine Whether An Arbitration Agreement Exists Under State Law.

Defendants first argue that this Court can, and should, simply ignore the Addenda altogether because "Section 205 [of the FAA] does not include any requirement that, as a prerequisite for removal, the removing party establish that the arbitration agreement is valid and enforceable."  *See* Remand Opposition at 10-11 (quoting *Miller v. Tri Marine Fish Co.*, 2016 WL 3545523, at *5 (C.D. Cal. 2016) and *Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, 2015 WL 5471434, at *2 (C.D. Cal. Sept. 18, 2015)).  That argument misstates the applicable legal standard, and is foreclosed by well-established case law and the text of the FAA itself.

As the Supreme Court has repeatedly emphasized, the "first principle" of arbitration is that "[a]rbitration is strictly a matter of consent and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration."  *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 741-42 (9th Cir. 2014) (emphasis in original) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)); *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).  Therefore, "[w]here the arbitrability of a dispute is contested, [a court] must decide," as an initial matter, "whether the parties are contesting the *existence* or the *scope* of an arbitration agreement."  *Id.* (emphasis in original).  When a dispute concerns the *existence,* rather than *scope,* of an arbitration agreement, then the Court must "apply state-law principles of contract formation and interpretation"— *and not the provisions of the FAA*—to determine whether an arbitration agreement even exists in the first instance.  *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022); *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Johnson v. Walmart*

1  *Inc.*, 57 F.4th 677, 681 (9th Cir. 2023); *Goldman, Sachs & Co.*, 747 F.3d at 741-42.

2  "[T]he FAA . . . does not require the parties to arbitrate when they have not agreed to

3  do so." *Volt*, 489 U.S. at 478.

4         These fundamental precepts are reflected in the text of the FAA itself.  Sections

5  203 and 205 of the FAA plainly require, at a bare minimum, the existence of an

6  arbitration agreement or award falling under the Convention in order for those

7  provisions to confer either removal or subject matter jurisdiction over an action.  *See* 9

8  U.S.C. §§ 202, 203, 205.

9         Applying these black-letter principles here, the question of whether ACN

10  disputes the *existence* or, on the other hand, the *scope* of an arbitration agreement is a

11  threshold question that this Court must address *before* determining whether section

12  205—or any provision of the FAA—applies to this proceeding.  That question is

13  readily answered by ACN's Arbitration Opposition and Remand Motion.  In both,

14  ACN clearly states that it disputes the *existence* of any enforceable arbitration

15  agreement between the Charter Parties.  *See* Remand Motion at 6; Arbitration

16  Opposition at 5-8.  In particular, ACN argues that the Addenda superseded the Charter

17  Agreements' arbitration provisions because the Addenda created a new mechanism by

18  which the Charter Parties were to resolve any disputes arising from the Charter

19  Agreements.  *See* Arbitration Opposition at 5-8.  Instead of arbitration, the Charter

20  Parties were now required to resolve their disputes through mutual "good faith

21  consultation."  *See* Ikehasi Decl., Ex. A at 39 (Addendum No. 11 to the 2021 Charter

22  Party, dated November 25, 2022); *id.*, Ex. B at 27 (Addendum No. 6 to the 2022

23  Charter Party, dated December 19, 2022).  Accordingly, the applicable legal standard

24  that this Court must apply, in the first instance, are "state-law principles of contract

25  formation and interpretation"—and not section 205 of the FAA, as Defendants

26  contend—to determine whether the arbitration provisions survived the Addenda.

27  *Suski*, 55 F.4th at 1230; *Lowden*, 512 F.3d at 1217.

28

1    Neither of the two cases that Defendants rely upon—*Miller* and *Sunvalley*—call

2    for a different conclusion because the parties there did not question the existence of the

3    arbitration agreements at issue.  *See Miller*, 2016 WL 3545523, at *5; *Sunvalley*, 2015

4    WL 5471434, at *2.

5    ## 2.    The FAA Does Not Apply Because There Is No Binding
6    ## Arbitration Agreement Between the Charter Parties.

7    "As the party seeking to compel arbitration, [Defendants] bear[] the burden of

8    proving the existence of an agreement to arbitration by a preponderance of the

9    evidence." *Johnson*, 57 F4th at 681.  Defendants have not—and cannot—meet that

10   burden.

11   Defendants claim that the Addenda did not supersede the Charter Agreements'

12   arbitration provisions because the Addenda "make no mention of 'arbitration' and do

13   not otherwise contain language that 'clearly and specifically' waves arbitration."

14   Arbitration Reply at 2-3.  But that assertion simply confirms that the opposite is true—

15   the new dispute provisions address the same subject matter and include nothing about

16   arbitration.  Therefore, they are inconsistent with and thereby eradicate the earlier

17   arbitration provisions.  Under California law, "[t]he general rule is that when parties

18   enter into a second contract dealing with the same subject matter as their first contract

19   without stating whether the second contract operates to discharge or substitute for the

20   first contract," then "the two contracts must be interpreted together and the latter

21   contract prevails to the extent they are inconsistent."  *Suski*, 55 F.4th at 1230-31

22   (citation omitted) (applying California law); *see also Williams v. Atria Las Posas*, 24

23   Cal.App.5th 1048 (Ct. App. 2018) (holding that later-signed arbitration agreement

24   superseded parties' original agreement, which did not include an arbitration clause);

25   *Masterson v. Sine*, 68 Cal.2d 222 (1968) (any "collateral agreement itself must be

26   examined . . .  to determine whether the parties intended the subjects of negotiation it

27   deals with to be included in, excluded from, or otherwise affected by the writing").

28

Gibson, Dunn &
Crutcher LLP

That general rule squarely applies to preclude Defendants' argument. Defendants cannot dispute that the Addenda concern "the same subject matter" as the Charter Agreements—namely, ACN's use of Defendants' wood chip vessels. *Suski*, 55 F.4th at 1230-31. By noting that the Addenda does not specifically discuss the arbitration provisions, Defendants essentially concede that the Addenda do not "stat[e] whether [they] operate[] to discharge or substitute" the arbitration provisions. *Id.* Therefore, "the two contracts must be interpreted together and the latter contract"— here, the Addenda—"prevails" because it is "inconsistent with" the arbitration provisions. *Id.*

In short, the new dispute provisions of the Addenda supersede the Charter Agreements' arbitration provisions. Therefore, there is no binding arbitration agreement that can serve as the basis for jurisdiction or a motion to compel arbitration under the FAA.

**B.    Even if an Arbitration Agreement Exists, This Court Still Would Not Have Jurisdiction Under Either Sections 205 or 203 of the FAA.**

Even if an arbitration agreement did, in fact, exist to bind the Charter Parties, this Court still lacks both removal and subject matter jurisdiction over ACN's state court proceeding under sections 205 and 203 of the FAA.

Section 205 confers federal district courts with removal jurisdiction over a state court action or proceeding whose "subject matter . . . relates to an arbitration agreement or award falling under the [New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention")]." 9 U.S.C. § 205. Defendants argue that for purposes of section 205, an action or proceeding "relates to" an arbitration provision if it is "at least conceivable that the arbitration clause will impact the disposition of the case." Remand Opposition at 5 (quoting *Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138, fn. 5 (9th Cir. 2011)). Even if that were the proper legal standard, the arbitration provisions in the Charter Agreements do not impact the disposition of the ACN's state court action. *See* Arbitration Opposition

at 13.  ACN's First Amended Complaint ("FAC") asserts causes of action solely based on Defendants' violations of California's unfair competition laws.  Those claims seek public injunctive relief as a remedy.  They do not require this Court to interpret or construe any terms in the Charter Agreements.  *See Jackson v. Amazon.com*, 65 F.4th 1093, 1102 (9th Cir. 2023) (arbitration provisions covering "any dispute" "arising out of or relating in any way" to a contract nevertheless do not require arbitration of claims that do not depend on the interpretation or performance of that contract).  Furthermore, ACN's state court action includes MOL (Americas), LLC as a Defendant.  That entity—which is not a party to the Charter Agreements—would be unaffected by any arbitration decision or award.  *See Comedy Club, Inc. v. Improv W. Assocs*., 553 F.3d 1277, 1287 (9th Cir. 2009) (any presumption in favor of arbitration does not extend to those who are not parties to an arbitration agreement.)  In light of these considerations, ACN's state court action does not sufficiently "relate to" an arbitration agreement to confer this court with removal jurisdiction under section 205 of the FAA.

Because this Court does not have removal jurisdiction under section 205, Defendants' reliance upon *Day v. Orrick, Herrington & Sutcliffe*, LLP, 42 F.4th 1131, 1138 (9th Cir. 2022) to establish subject matter jurisdiction under section 203 is similarly unavailing.  *See* Remand Opposition at 9-10 (urging this Court to interpret *Day v. Orrick* to mean that as long as this Court has removal jurisdiction over ACN's state court action under section 205, then it can also assume subject matter jurisdiction over that action under section 203).

## C.   This Court Does Not Have Federal Question Jurisdiction Under Federal Admiralty Laws.

ACN's Remand Motion explained that this Court does not have admiralty jurisdiction over ACN's state court action pursuant to 28 U.S.C. § 1333(1) because Defendants cannot satisfy *both* the "location test" and "connection test" set forth by the Supreme Court in *Grubart*, 513 U.S. at 534, which was reiterated by the Ninth Circuit in *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007).  More

1  specifically, Defendants fail to satisfy the location test, as an initial matter, because

2  none of the allegations in ACN's state court case concern any cause of action or other

3  factual event that occurred on "navigable water."  *Gruver*, 489 F.3d at 982; *see* FAC.

4  Defendants fail to meaningfully rebut that critical fact.

5      *First*, Defendants simply ignore the location and connection tests altogether, and

6  attempt to argue that this Court may exercise admiralty jurisdiction pursuant to 28

7  U.S.C. § 1333(1) because "[a]dmiralty jurisdiction extends to claims that arise from" a

8  contract that "is maritime in nature[,]" "Charter [agreements] [are] clearly maritime in

9  nature," and "since Plaintiff's claims directly relate to [the] Charter [Agreements],

10  jurisdiction is proper."  Remand Opposition at 11.  But the only authority that

11  Defendants cite to support that erroneous legal standard is a morass of inapposite case

12  law.  All of the cases that Defendants rely upon predate *Grubart* (in one instance by

13  more than 75 years).  *See id.*  A number of cases were also decided by courts in

14  jurisdictions outside of the Ninth Circuit.  *See id.*  None of these cases have any

15  precedential value to this proceeding.  Thus, the legal standard for establishing

16  admiralty jurisdiction remains the standard set forth in *Grubart*:  a Court does not have

17  admiralty jurisdiction over a proceeding unless both the "location test" and

18  "connection test" are satisfied.

19      *Second*, Defendants strain mightily to argue that ACN's case somehow concerns

20  "navigable waters," thereby satisfying *Grubart's* "location test."  But here again,

21  Defendants' assertions have zero basis in law or fact.  To start, Defendants' entire

22  argument revolves around a prolonged discussion of the facts and holding in

23  *Commerzbank Aktiengesellschaft v. M/V UTOPIE*, 2014 WL 1572438, at *4 (E.D. La.

24  Apr. 17, 2014), a case decided by a federal district court in Louisiana that has no

25  bearing on this proceeding.  However, even setting jurisdictional issues aside,

26  *Commerzbank* is inapposite to this case because it does not even stand for the

27  proposition for which Defendants have cited it.  Defendants rely on *Commerzbank* to

28  argue that ACN's purported "refusal to perform its voyages on navigable waters"

somehow, nevertheless, constitutes a tort that occurred "on navigable waters." Remand Opposition at 12-13. That is entirely unlike the tort at issue in *Commerzbank*, which involved a purportedly unlawful *arrest of a ship* on the *Mississippi River*—i.e. a tort that undoubtedly occurred on navigable waters. At any rate, Defendants also mischaracterize the nature of ACN's state court action. ACN's FAC seeks to hold Defendants accountable for their unlawful business practices and false advertising in violation of California's unfair competition laws. Unlike *Commerzbank*, those claims do not involve any facts that occurred on navigable waters.

*Third*, Defendants argue that the location test is satisfied because ACN's state court action involves "an injury suffered on land [that] was caused by a vessel on navigable water." It does not. Again, ACN was harmed by Defendants' unlawful business practices and false advertising—not by Defendants' wood chip shipping vessels.

Because Defendants have not satisfied *Grubart's* "location test," this Court does not have admiralty jurisdiction over ACN's state court action. *See Grubart*, 513 U.S. at 534.

## D. Defendants Have Not Met Their Burden of Proving Diversity Jurisdiction.

Because "it is not facially evident [in the FAC] that more than $75,000 is in controversy," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003), Defendants bear the burden of proving "by a preponderance of the evidence" that the $75,000 threshold has been met for purposes of diversity jurisdiction. In order to meet that burden, Defendants were required to set forth, "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Matheson*, 319 F.3d at 1090; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Defendants failed to meet that burden in their removal petition, and still fail to meet that burden now.  Although Defendants readily concede that ACN "never specifies the exact amount of damages it is seeking in the [FAC's] Prayer for Relief," Defendants argue that the amount in controversy can nevertheless be inferred based on a "reasonable reading" of the FAC's allegations.  Remand Opposition at 14.  But doing so does not come close to satisfying the "preponderance of the evidence" standard, which requires that Defendants "actually prov[e] the facts to support jurisdiction, including the jurisdictional amount."  *Gaus*, 980 F.2d at 567.

At any rate, the amount in controversy cannot be inferred based on any reading of the FAC's allegations.  For example, Defendants repeatedly point to allegations in the FAC stating that Defendants charged ACN $45 million to charter Defendants' wood chip vessels.  Remand Opposition at 14.  But the amount that Defendants charged provides no indication of what ACN ultimately *paid* to Defendants, or the total amount of Defendants' unlawful gain—both necessary facts for determining the amount of restitution and unjust enrichment damages, and ultimately the amount in controversy.  Because Defendants have not met their burden of proving that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a), this Court does not have diversity jurisdiction over ACN's state court action.

### E.   ACN Should Be Granted Leave to Permissively Join ACN Hong Kong as a Plaintiff.

The permissive joinder provision of Rule 20(a)(1) of the Federal Rules of Procedure allows the joinder of plaintiffs to an action if:  "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).

ACN respectfully requests leave pursuant to Rule 20(a)(1) to permissively join its affiliate, Hong Kong Chung Nam Trading Co. Limited ("ACN Hong Kong") as a

plaintiff in this proceeding.  ACN appointed ACN Hong Kong as ACN's agent under the Charter Agreements, and therefore, Defendants' unfair and fraudulent business practices were directed to both ACN and ACN Hong Kong.  *See* Ikehasi Decl., Ex. B ¶¶ 70-71.  Therefore, ACN Hong Kong's right to relief is asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as ACN, and there are "question[s] of law or fact" common to both parties.  Fed. R. Civ. P. 20(a)(1).  Joinder of ACN Hong Kong is therefore proper and warranted pursuant to the requirements of Fed. R. Civ. P. 20(a)(1).

Should ACN be granted leave to join ACN Hong Kong—an entity incorporated in and located outside of the United States—as a plaintiff in this proceeding, then any supposed diversity jurisdiction between the parties would be destroyed given that both plaintiffs and defendants would include at least one non-U.S. party.  *See* Remand Opposition at 6 (representing that both Defendants' MOL Drybulk Ltd. and Mitsui O.S.K. Lines, Ltd. are Japanese companies); *Faysound Ltd. v. United Coconut Chems.*, 878 F.2d 290, 294 (9th Cir. 1989) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants.") (citation omitted); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994) (one United States citizen plaintiff or defendant will not establish diversity if there is a foreign plaintiff and a foreign defendant).  Therefore, to the extent that diversity serves as the only basis for this Court's subject matter jurisdiction over this proceeding, then remand of this case would be warranted following the joinder of ACN Hong Kong.

## F.    All of the Younger Abstention Factors Have Been Met.

Defendants' Remand Opposition musters a litany of objections as to why the *Younger* abstention doctrine should not apply to dismiss Defendants' federally removed action.  None of those arguments hold water.

As an initial matter, Defendants take issue with the four-prong *Younger* abstention test that ACN applied in its Remand Motion, which is:  "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the

Gibson, Dunn & Crutcher LLP

1    federal plaintiff is not barred from litigating federal constitutional issues in the state

2    proceeding; and (4) the federal court action would enjoin the [state court] proceeding

3    or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding

4    in a way that *Younger* disapproves."  *San Jose Silicon Valley Chamber of Commerce*

5    *Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

6    According to Defendants, *San Jose* is no longer "good law" because that case was

7    abrogated.  Remand Opposition at 20.  That is incorrect.  In fact, the Ninth Circuit has

8    applied the *San Jose* four-factor *Younger* test as recently as 2017.  *Williams v. King*,

9    696 F.App'x 283, 284 (9th Cir. 2017).

10            Defendants' arguments with respect to each these *Younger* factors are similarly

11   unavailing.

12                    1.    **ACN's State Court Action Is Ongoing.**

13            The first prong of the *Younger* test is easily met because ACN filed its state

14   court action "before any proceedings of substance on the merits ha[d] taken place" in

15   Defendants' federally removed action.  *M & A Gabaee v. Cmty. Redevelopment*

16   *Agency*, 419 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Haw. Hous. Auth. v. Midkiff*,

17   467 U.S. 229, 238 (1984)) (emphasis omitted).  Unable to rebut this undisputed fact,

18   Defendants insist that this Court can, and should, simply disregard this factor

19   altogether.  *See* Remand Opposition at 17 ("the analysis of this prong has no effect,"

20   and therefore "[t]his prong is not met").  Of course, Defendants' apparent

21   dissatisfaction with *Younger's* legal standard is not a legitimate basis for the Court to

22   find that this factor does not apply here.  It does, and ACN's Remand Motion

23   sufficiently demonstrates why that factor has been met.

24            Defendants' second attempt at defeating this factor fares no better than its first.

25   Defendants argue that this factor has not been met because ACN's Remand Motion

26   cited to *M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*, 419

27   F.3d 1036 (9th Cir. 2005), which "did not concern removal."  Remand Opposition at

28   17.  But whether or not *M&A Gabaee* concerns removal is entirely irrelevant to an

1  analysis under the first factor, which remains the same regardless of whether a case

2  involves removal or not, and simply asks whether the state court action at issue was

3  filed "before any proceedings of substance on the merits ha[d] taken place" in the

4  federally removed action.  *See M&A Gabaee*, 419 F.3d at 1036.

### 2.  ACN's State Court Action Implicates Important State Interests, and Defendants Are Not Barred From Litigating Federal Claims in That Action.

ACN's state court action satisfies the second and third *Younger* abstention factors.  To start, ACN's lawsuit against Defendants directly implicates important California state interests.  That is because ACN's state court action seeks to protect California residents from Defendants' unfair and unlawful business practices, and from fraudulent advertising.  Remand Motion at 11-12.  ACN is seeking public injunctive relief to enjoin Defendants from further engaging in these practices towards the public as a whole, and not just towards ACN.  *Id.*  This is exactly the type of state interest that Courts have repeatedly held falls under the third factor of the *Younger* test.  *See Monster Beverage Corp. v. Herrera*, 650 F. App'x 344, 346 (9th Cir. 2016); *Commuc'ns Telesystems Intern. v. Cal. Public Util. Comm'n*, 196 F.3d 1011, 1017 (9th Cir. 1999); *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003).

Defendants do not dispute that protecting consumers from unfair, unlawful and fraudulent business practices constitutes an important state interest.  Instead, their primary objection is that ACN's state court action benefits only ACN (which Defendants point out is a "private party affiliated with non-U.S. entities").  That argument is meritless because it ignores the fact that ACN is seeking public injunctive relief.

Defendants also argue that this factor has not been met because there is a competing federal interest, which Defendants characterize as the "uniquely federal interest in ensuring that the United States satisfies its treaty obligations by providing such enforcement."  Remand Opposition at 19.  But Defendants fail to cite to any

authority to support the proposition that Courts must conduct a balancing analysis between purportedly competing state and federal interests when determining whether the third *Younger* factor has been satisfied.

Regardless, there is no competing "uniquely federal interest" here.  Defendants can bring their motion to compel arbitration in a California state court, where Defendants' FAA-related claims would apply with equal force as they do in federal court.  *See Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019) ("state law is preempted to the extent it stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of the FAA (internal quotation marks omitted)); *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) ("Agreements to arbitrate that fall within the scope and coverage of the [FAA] must be enforced in state and federal courts.  State courts . . . have a prominent role to play as enforcers of agreements to arbitrate.").  The same holds true for any other federal legal challenge that Defendants may wish to bring in the state court action.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Defendants bear the burden of "show[ing] that state procedural law bar[s] presentation of [their] claims."  *Id.* at 14. Defendants have not met that burden.  Therefore, this case satisfies the third *Younger* abstention factor.

### 3.  Defendants' Federal Action Seeks to Interfere With ACN's Ongoing State Court Action.

ACN's Remand Motion asserts that Defendants' federally-removed action impermissibly interferes with ACN's ongoing state court action because Defendants have requested that this Court either enjoin or altogether dismiss that action.  Remand Motion at 12.  ACN's Remand Motion further states that the situation before the Court here is the quintessential type of interference that *Younger* prohibits.  *Id.* (citing *San Jose*, 546 F.3d at 1095).

Defendants' primary objection here is that *San Jose* is inapplicable because it "does not . . . involve a motion to dismiss or compel arbitration."  Remand Opposition at 20.  That argument misses the point entirely.  Like *San Jose*, the Defendants here

have requested that a federal court either dismiss or enjoin ACN's ongoing state court action.  That is all that the fourth factor of the *Younger* test requires, and that factor is readily met here.

### III.   CONCLUSION

For the reasons stated herein and in ACN's Remand Motion, this Court should grant ACN's motion and remand this case back to its proper forum in Los Angeles Superior Court.

Dated:  November 17, 2023          GIBSON, DUNN & CRUTCHER LLP
                                   JAMES J. FARRELL
                                   DIANE CHAN
                                   ZACHARY A. KADY


                                   By:_____/s/ *James J. Farrell*_____
                                          James J. Farrell

                                   *Attorneys for Plaintiff America Chung Nam,
                                   LLC*

Gibson, Dunn &
Crutcher LLP

PLAINTIFF AMERICA CHUNG NAM, LLC'S REPLY IN SUPPORT OF MOTION FOR REMAND – CASE NO. 2:23-cv-07676