1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              WESTERN DIVISION

4    THE HON. JUDGE STANLEY BLUMENFELD, JR., JUDGE PRESIDING

5

6    AMERICA CHUNG NAM, LLC,           )
                                       )
7                     Plaintiff,       )
                                       )
8          vs.                         )No. 2:23-cv-07676-SB-JPR
                                       )
9    MITSUI O.S.K. LINES, LTD. et al., )
                                       )
10                    Defendant.       )
     ——————————————————————————————————)

11

12

13         REPORTER'S TRANSCRIPT OF PROCEEDINGS

14              Los Angeles, California

15              December 19, 2023

16                 9:39 A.M.

17

18

19

20

21

22                        WIL WILCOX CSR 9178
                          Official Reporter
23                        First Street Courthouse
                          350 West First Street
24                        Room 4311
                          Los Angeles, CA  90012
25                        wil.wilcox@gmail.com

```
 1    APPEARANCES OF COUNSEL:

 2
      FOR THE PLAINTIFF:      GIBSON DUNN AND CRUTCHER LLP
 3                            BY:  JAMES J. FARRELL
                              200 Park Avenue
 4                            New York, NY 10166-0193
                              Tel:   (212)351-5326
 5                            Email: jfarrell@gibsondunn.com

 6
      FOR THE DEFENDANT:      WITHERS BERGMAN LLP
 7                            BY:  CONTE C. CICALA
                              909 Montgomery Street
 8                            Suite 300
                              San Francisco, CA 94133
 9                            Tel:   (415)872-3200
                              Email: conte.cicala@withersworldwide.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      LOS ANGELES, CA.; TUESDAY, DECEMBER 19, 2023; 9:39 A.M.

2                              -oOo-

3           THE CLERK:  Calling Item 8, Case No. 23-cv-7676,

4   America Chung Nam versus Mitsui O.S.K. Lines.  Counsel, your

5   appearance?

6           MR. CICALA:  Good morning, Your Honor, Conte

7   Cicala for the MOL parties, the defendant.

8           MR. FARRELL:  Good morning, Your Honor.  Jim

9   Farrell on behalf of the plaintiff.

10          THE COURT:  Good morning.  This is before me for

11  cross motions -- or two motions, I should say, the

12  plaintiff's motion to remand and the defense motion to

13  compel arbitration.

14          The motions have overlapping issues.  The Court

15  did issue a tentative, and the tentative is to grant the

16  defense motion to compel arbitration and deny the motion to

17  remand.

18          Mr. Farrell, do you wish to be heard?

19          MR. FARRELL:  I do.  Thank you, Your Honor.

20          I read your very detailed and thoughtful

21  tentative, and I don't have much to say on it.  I understand

22  where the court is, and I do think there is one issue that's

23  raised in the tentative and in the reply that I didn't get a

24  chance to speak to that I'd like to touch briefly on.  And

25  that is, obviously, a key element in the case that both the

1   reply and tentative address, is the provision in Paragraph 7

2   in the addendum -- there are two addendum to the different

3   contracts -- which in essence, says that if there is any

4   uncertainty or dispute as to the agreement or even outside

5   of the agreement that the party -- that that uncertainty

6   will -- shall be addressed through consultation.

7           And our position was that essentially that is a

8   superseding provision with respect to the arbitration

9   provision.  In the reply, again, I didn't get a chance speak

10  to that, it addresses that provision and attempts to

11  reconcile it by saying, well, it solely addresses any

12  dispute or uncertainty outside of the charter party

13  agreement that the parties might have.

14          And I think that's clear on its face that that's

15  not the correct interpretation of that provision.  The

16  provision literally says, with respect to the agreement, in

17  addition, anything in addition to the agreement but also

18  with respect to the agreement.

19          And the tentative did not adopt that, but I didn't

20  get a chance to speak to it.  So the reply notes that

21  interpretation.  And the tentative, I think on page 6, the

22  tentative addresses the reconciliation of that provision

23  with the arbitration provision more logically, it says:

24  Well, this could be interpreted as and harmonized with the

25  arbitration provision as a pre-arbitration requirement that

1    if there is a dispute, the parties will consult.

2              And even there, though, and under that

3    interpretation, that's a precondition to the arbitration

4    agreement provision being effective; and therefore, an

5    unfulfilled condition precedent that MOL has not met its

6    burden of showing was met.

7              So in the interest of moving this forward, I want

8    to point that out.  And then, also, I guess I would say and

9    request that the provision and the doubt around that, if

10   this Court could not rule today on the motion to compel

11   arbitration but instead, order us to limited discovery with

12   respect to that provision.

13             Paragraph 7, in the addendum, what does it mean?

14   And in that same period of time, we would do the

15   consultation that it requires; and therefore, fulfill the

16   condition precedent.  And then, if we come back, we have

17   greater clarity about what the provision means and/or we

18   fulfilled it, and the Court could, then, issue any ruling it

19   sees fit, or we would have at least a greater more clarified

20   record for the Court to address if there remains a dispute

21   about what is meant and whether it has been fulfilled.  So

22   that would be my position.

23             Thanks.

24             THE COURT:  A couple of questions, Counsel, or

25   lines of questions.

6

1          The first is with regard to consultation, it

2    sounds like from your response, that you -- your client

3    filed this lawsuit without consulting.

4          MR. FARRELL:  That's entirely right.  So, and

5    that's another good point you make, Your Honor.  I'm sorry

6    if I may -- I, in my enthusiasm, I didn't let you actually

7    ask the question.  I think I know where it was going.

8          THE COURT:  Continue.

9          MR. FARRELL:  Okay.  I totally see your point

10   immediately, and it's a very good one and one I should have

11   addressed; which is, in my client's view, the contract,

12   these charter party agreements, as well as their addendum,

13   are invalid on their face.  And it is true that the

14   consultation process in the last addendum or the November

15   and December addendums, we do not comply with because we

16   think the entire contract is invalid, and we brought a tort

17   claim based on California law against MOL.

18          So we are not adhering to a contract that we think

19   is entirely invalid, that is true.

20          THE COURT:  But that is, arguably, a position that

21   comes with consequences.  So your client made a deliberate

22   decision not to consult.  You have a reason for it, but that

23   was a deliberate decision.

24          And as I'm sure you're aware that the intentional

25   relinquishment of a known right is a waiver.  So you have

1   just acknowledged that your client waived the provision,

2   haven't you?

3          MR. FARRELL:  No.  In my view, Your Honor, the

4   contract, all of what we're referring to as the contracts,

5   are invalid, and there is no requirement the tort claims we

6   brought against MOL are with respect to price gouging and

7   unfair business practices that contracts are not part of our

8   claim at all.  It was a state court claim which can and

9   should be adjudicated there, in our view.

10          So we did not need to fill -- fulfill a condition

11   precedent for a contract we consider to be invalid.  Now,

12   we're talking about MOL asking this Court to enforce an

13   arbitration provision.  And under the analysis and

14   interpretation of the Court put forward in its tentative,

15   it's viewed as a condition precedent.

16          So we are now going to be trapped in the Ninth

17   Circuit debating if the arbitration provision with an

18   acknowledged condition precedent could be enforced, as it

19   was.  And rather than go through any of that, I tried to

20   take a shortcut and say, well, we think discovery, limited

21   jurisdictional discovery on the meaning of the provision if

22   there's doubt could be warranted in the short span of time.

23          And let's engage in that consultation.  Now, maybe

24   it will not be fruitful, and maybe it will be very short.

25   But at least it would remove the doubt.

1          THE COURT:  Well, it strikes the Court, Counsel,

2     that you won't find yourself entangled in the Ninth Circuit.

3     The issue is quite legal in nature; which is, can a party

4     take it upon itself to decide that the contract is invalid.

5     And therefore, it's not going to comply with any of its

6     terms or select terms.  It can apply to do that or is the

7     consequence of that waiver.

8          But it also seems to me that you find yourself

9     perhaps entangled by requesting of the Court that you be

10    permitted the opportunity to comply with a provision that

11    you claim to this Court is wholly invalid because the entire

12    agreement is invalid.

13         Your position strikes the Court as being, at a

14    minimum, that intention, if not at war with each other.  But

15    I want to move on because the parties are free to meet and

16    confer.  Of course, that's what good counsel should be doing

17    in any event, especially in a commercial litigation matter

18    like this.

19         In fact, it does somewhat surprise me

20    inferentially that you haven't done so, which you are

21    telling me, is the parties have not even spoken about trying

22    to resolve this case; am I correct?

23         MR. FARRELL:  No.  I don't know that that's

24    correct, Your Honor.  I think the parties have.  But, one,

25    that, of course, as the Court has made clear earlier this

1   morning has no bearing on these matters, and the Court wants

2   the issues addressed.  And so we -- independently, I think

3   there have been discussions.

4        But my point was limited to the tentative, and

5   even as written, indicating it's a condition precedent for

6   an arbitration provision that will now be enforced.  I was

7   merely offering a solution.

8        I stand on our position is, yes, this is invalid

9   and there shouldn't be any arbitration at all and the case

10  should be remanded.  That is all true, but I saw a potential

11  solution that would be expedient and avoid the issue that I

12  detected in the tentative.

13       THE COURT:  Let me pursue the second line of

14  questions; and that is, you're seeking briefing to address

15  what frankly strikes the Court as somewhat obvious as to

16  what that provision means or at least obvious what the

17  provision doesn't mean.

18       Address the Court's tentative analysis, which is

19  that you're suggesting that this displaces the consultation

20  requirement, displaces the arbitration provision.  And you

21  argue that logically because their inconsistent with one

22  another, correct?

23       MR. FARRELL:  Yes.

24       THE COURT:  And so if that is true, the necessary

25  thrust of your argument is that the consultation requirement

1    is the exclusive dispute resolution mechanism, true?

2              MR. FARRELL:  Yes.

3              THE COURT:  And that makes no sense whatsoever,

4    does it?

5              MR. FARRELL:  Well, Your Honor, I agree that the

6    provision in the agenda, which are very short, and the

7    entire thing is a page or two.  And this provision is only a

8    sentence or two, and it leaves some ambiguity on its face.

9              But put back in a bit of context, I think it is

10   logical.  So what we had here were contracts to utilize

11   ships over three years; and then, they were never used.

12             By November or December of 2022, both parties knew

13   these ships were not being used so MOL could at least use

14   them and they made those addenda.  And as part of that and

15   only then did they add this provision.

16             Now, both parties' English is not their first

17   language, and I agree that the drafting is not precise.

18   It's not perfect, but it is an intention, I believe,

19   reflected in the document of the parties recognizing that

20   Covid has prevented the use of these ships, and they are now

21   going to be subleased.  That if there are further disputes

22   or uncertainties, they shall be resolved through that

23   consultation process.

24             Following that, maybe a court process could

25   happen.  It is not a lengthy or a very detailed provision,

1   but I do think it reconciles with the facts actually more

2   precisely than either of the interpretations that were

3   offered.  Meaning, that it only relates to agreement

4   disputes not in the charter party.  What could those be,

5   according to MOL?  The charter party arbitration provision

6   covers everything.

7          And as we've discussed earlier, the tentative's

8   interpretation was, well, this is pre-arbitration.  So

9   again, it could be.  Why not have clarity through discovery

10   as to what it exactly was intended to be and/or order us to

11   fill it.  I thought those would be ways to avoid any doubt

12   or ambiguity.

13          THE COURT:  Do you have an offer of proof as to

14   even whether there were discussions elucidating this

15   consultation provision?

16          MR. FARRELL:  No, I cannot offer that because

17   again, of course, I've had confidential discussions with my

18   client.  But I have not had any discovery here at all with

19   respect to MOL and there back and forth between MOL and ACN.

20          THE COURT:  And I just want to make sure that your

21   point is clear.  You properly, I think, acknowledged to the

22   Court that your position in this litigation is that the

23   consultation provision is the exclusive dispute resolution

24   mechanism.  And that is necessarily your position because it

25   is the predicate for your argument that it displaces the

1  arbitration requirement, and you're shaking your head in the

2  affirmative.

3          I thought I heard you say, though, sort of in a

4  backhanded way, that well, perhaps after consultation, there

5  could be some type of dispute resolution.  How is that

6  possible in light of your interpretation?

7          MR. FARRELL:  I was adopting the tentative's

8  interpretation, and then, explaining how I thought, again,

9  we could move forward even if the discovery that we

10  talked -- that I, at least asked about, fulfilled that

11  interpretation.  Maybe I'm wrong.  Maybe the Court's

12  interpretation is right and the parties and the discovery

13  will illustrate, in fact, no, no, no, this consultation is

14  viewed as only the first step.  And the discovery, the

15  evidence, proves my interpretation is wrong.

16          THE COURT:  And Counsel, I also point out in the

17  tentative that should I grant your interpretation of

18  consultation, effectively, I would have to dismiss this case

19  because the only dispute resolution available to you is

20  consultation, which would torpedo your lawsuit, wouldn't it?

21          MR. FARRELL:  I don't think so.  Again, my lawsuit

22  is not premised on the contract at all.  It's a tort-based

23  claim that the price is -- one, that the contract is

24  completely invalid; and therefore, the condition precedent

25  in the arbitration -- for the arbitration provision in the

contract to be effective, I do not need to fulfill that at all.

In fact, Day 1, this contract was invalid with the MOL violation of the California penal code that says you can't charge these excessive price increases on transportation services during this emergency proclamation.

THE COURT:  All right.  I understand the point, but let's assume that a position is just that, a position, and that a neutral third party, such as myself, concludes that you're wrong, and that you're wrong about your interpretation of this agreement.  But that is to say that the claims do relate to this agreement.

And that consultation is the sole and exclusive dispute resolution mechanism.  That can disrupt your entire lawsuit; can it not?

MR. FARRELL:  Well, respectfully, I think not, Your Honor.  Again, I think I have tort claims that are based on conduct that occurred.

THE COURT:  I understand that, but let's say an interpretation of this agreement is that while you are attempting to come up with tort claims, this largely is a lawsuit about this contract and the arrangement, the business arrangement that you had with MOL.  If one were to make that determination, that potentially could torpedo your lawsuit.

1           In any event, I won't -- I won't require a

2    response, Counsel, just an observation.  And I'm not in any

3    way suggesting, incidentally, that I'm finding that your

4    tort claims fail to state a claim or anything of that

5    nature.

6           I'm simply making a ruling with regard to the

7    issues presented to me, but it did strike me that your

8    position was, at a bare minimum, interesting in many

9    regards.  And this was just one of the many regards.

10          Let me very briefly hear from the defense counsel.

11   Thank you.  And then, we'll conclude this matter.

12          Do you wish to be heard?

13          MR. CICALA:  Thank you, Your Honor.  Just very

14   briefly, I'll just address the one point regarding discovery

15   and the Court's question to Counsel regarding an offer of

16   proof.

17          Clearly, any evidence of consultation would be in

18   the hands of the other side, and they would have been able

19   to make a showing.  There's no need to discover discussions

20   they had or did not have.

21          THE COURT:  Well, just to make sure that

22   Mr. Farrell's position is not misunderstood, at least by

23   this Court -- no, you could remain where you are -- is that

24   I believe the issue had to do with discovery as to the

25   meaning of the consultation provision, not whether it was

1    executed.  That is not whether it was -- there was

2    consultation pursuant to the consultation provision, but

3    Mr.Farrell is suggesting that there's some ambiguity in the

4    provision.

5            I don't find it to be significantly ambiguous, but

6    if there were, then, the question would be whether there is

7    extrinsic evidence that would be relevant in material that

8    might shed some light.  And that would be appropriate for

9    some discovery prior to the Court's disposition of this

10   matter.  That's what he's arguing.

11           MR. CICALA:  Okay.  I apologize if I misunderstood

12   that argument.

13           In either case, the point being, that there would

14   have been at least some prima facie showing from their

15   perspective as to what that ambiguity is, which isn't before

16   the court.

17           But more generally, we agree that the provision is

18   not -- there is no ambiguity about this consultation

19   requirement which relates to either the arbitration clause,

20   which is clear and clearly not superseded, as well as -- and

21   it's unclear whether they're arguing whether the

22   consultation should have been related to the form of dispute

23   resolution merits.  But in either case, I don't think --

24   certainly, we are happy to submit that.

25           THE COURT:  And the Court if I adopt and am

1   contemplating dismissing this matter, any objection?

2          MR. CICALA:  No objection from defendants, Your

3   Honor.

4          THE COURT:  Mr. Farrell, any objection?

5          MR. FARRELL:  Well, Your Honor.  Yes, I think.

6          I suspect shortly after the Court were to issue a

7   tentative like this as its order -- in London, in an

8   arbitration, MOL will take the position that none of these

9   claims can be arbitrated.

10          THE COURT:  I'll verify this, but the Court's

11   dismissal would make it clear that it's without prejudice,

12   and the reason is because the claims are arbitrable.  And I

13   would find that if MOL took that position and this matter

14   was before me again, that it engaged in bad faith, and I

15   would certainly make them hear the consequences of engaging

16   in bad faith.  So let me hear.  I know you're going to tell

17   me what I think is obvious.

18          You're moving to arbitrate and intend, if the

19   Court orders arbitration, to actually arbitrate.

20          MR. CICALA:  Your Honor, those arbitration

21   proceedings have already been commenced, it's my

22   understanding.  I'm not counsel in those arbitrations.  I

23   believe Mr. Farrell's firm actually is, so he would know

24   more about the status of those proceedings than I would, but

25   the intent is to arbitrate.

1          Now, there may be defenses to positions inserted

2     into the plaintiff's argument regarding, of course, the

3     merits, including whether the claims are valid at all.  But

4     I understand the party's plan.

5          THE COURT:  But your client is not going to take

6     the position after moving successfully to compel arbitration

7     that arbitration isn't available.

8          MR. CICALA:  That's my understanding.  That's

9     correct, Your Honor.  My understanding is that there is

10    potentially an issue as to whether the other side properly

11    nominated arbitrators in those proceedings.

12         In other words, there may be procedural positions

13    taken in those proceedings that relate to the merits, and

14    that may be what is being alluded to here, but I certainly

15    don't think there's any intention not to attempt to resolve

16    these disputes through the arbitration process.

17         THE COURT:  And what I'm going to do, Mr. Farrell

18    -- I'll give you an opportunity to respond to what the

19    Court's indicated here, but I am going to dismiss this

20    matter and grant the motion to compel arbitration without

21    prejudice.

22         And under the FAA, as the Court understands it, to

23    the extent that there is a failure to arbitrate, despite the

24    Court's ordering to arbitrate, you can present the matter

25    back to the Court.  So you're always free to pursue your

1  remedies under the FAA.

2       The other option that you have is you can seek,

3  under Rule 60, to have the Court reopen this matter for

4  purposes of adjudicating any dispute that is appropriately

5  before me.  I would strongly encourage the parties to have

6  the line clearly in mind as to what disputes that may arise

7  related to arbitration that belong in London and what

8  disputes related to arbitration are properly before me.

9       I can assure you that the latter is a much, much

10  narrower universe of issues, but with that, do you wish to

11  be heard further?

12       MR. FARRELL:  You know, just to say two things,

13  Your Honor.  Firstly, thank you for that, and then, to also

14  say on the record that I have the utmost respect for Conte,

15  though.  I did not want my earlier remarks to at all suggest

16  that I doubt his integrity.  Just rather, in the London

17  arbitration, there had been histories that make me

18  concerned.

19       THE COURT:  Understood.

20       MR. FARRELL:  But not at all -- Counsel's

21  representations are honest and genuine.

22       THE COURT:  Understood.  With that, the Court does

23  intend to adopt the tentative.  I may make some minor

24  modifications, as I frequently do, but in sum and substance,

25  the Court is going to deny the motion to remand, grant the

1    motion to compel arbitration.  In all of that, we didn't get
2    to this, but Mr. Farrell, your abstention argument under
3    *Younger* did give the Court some concern in that you
4    presented that argument for the reasons that I mentioned.
5    I'm not going to pursue it any further.
6           But the idea that you can move to remand and then
7    claim after the case has been remanded -- you didn't move to
8    remand -- where the case is remanded, that there is a viable
9    state court action that creates a conflict was a surprise
10   that you and your firm made that argument.
11          In any event, I mentioned it.  So in fairness, if
12   you do feel the need to address it, I'll give you a few
13   seconds.  But I don't intend to take any action on it.  I
14   simply wanted to let you be aware that that is in my mind
15   after reading the papers.
16          MR. FARRELL:  Well, thank you, Your Honor.  Thank
17   you for giving me a brief moment.  I would say thank you for
18   that.
19          I think that the abstention argument was designed
20   to address discretionary factors, but I read the Court's
21   tentative, and I fully understand both the tentative and the
22   remarks you made today this morning.  So thank you for that.
23          THE COURT:  All right.  Then, this matter is
24   concluded.  Have a good rest of the week.
25          MR. FARRELL:  Thank you.

1          (At 10:04 a.m. proceedings were adjourned.)

1                           --oOo--

2                         CERTIFICATE

3

4

5          I hereby certify that pursuant to Section 753,

6    Title 28, United States Code, the foregoing is a true and

7    correct transcript of the stenographically reported

8    proceedings held in the above-entitled matter and that the

9    transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:  January 9, 2023

13

14

15                         /S/____WIL S. WILCOX_____

16                           U.S. COURT REPORTER
                                CSR NO. 9178
17

18

19

20

21

22

23

24

25

**3**

MR. CICALA: [6]
MR. FARRELL: [18]
THE CLERK: [1] 3/3
THE COURT: [22]

**-**

--oOo [1] 20/2
-oOo [1] 3/2

**/**

/S [1] 21/15

**0**

0193 [1] 2/4

**1**

10166-0193 [1] 2/4
10:04 [1] 20/1
19 [2] 1/15 3/1

**2**

200 [1] 2/3
2022 [1] 10/12
2023 [3]
212 [1] 2/4
23-cv-7676 [1] 3/3
28 [1] 21/6
2:23-cv-07676-SB-JPR [1] 1/8

300 [1] 2/8
3200 [1] 2/9
350 [1] 1/23
351-5326 [1] 2/4

**4**

415 [1] 2/9
4311 [1] 1/24

**5**

5326 [1] 2/4

**6**

60 [1] 18/3

**7**

753 [1] 21/5
7676 [1] 3/3

**8**

872-3200 [1] 2/9

**9**

90012 [1] 1/24
909 [1] 2/7
9178 [2] 1/22 21/16
94133 [1] 2/8
9:39 [2] 1/16 3/1

**A**

a.m [3]
above [1] 21/8
above-entitled [1] 21/8
abstention [2] 19/2 19/19
according [1] 11/5
acknowledged [3]
ACN [1] 11/19
action [2] 19/9 19/13
add [1] 10/15
addenda [1] 10/14
addendum [5]
addendums [1] 6/15
addition [2] 4/17 4/17
address [7]
addresses [3]
adhering [1] 6/18
adjourned [1] 20/1
adjudicated [1] 7/9
adjudicating [1] 18/4
adopt [3]
adopting [1] 12/7
affirmative [1] 12/2
agenda [1] 10/6
agreement [12]
agreements [1] 6/12
al [1] 1/9
alluded [1] 17/14
ambiguity [5]
ambiguous [1] 15/5
AMERICA [2] 1/6

## A

AMERICA... [1] 3/4
analysis [2] 7/13 9/18
Angeles [3]
apologize [1] 15/11
appearance [1] 3/5
APPEARANCES [1] 2/1
apply [1] 8/6
appropriately [1] 18/4
arbitrable [1] 16/12
arbitrate [5]
arbitrated [1] 16/9
arbitration [30]
arbitrations [1] 16/22
arbitrators [1] 17/11
arguably [1] 6/20
argue [1] 9/21
arguing [2] 15/10 15/21
argument [8]
arise [1] 18/6
arrangement [2] 13/22 13/23
assume [1] 13/8
assure [1] 18/9
attempt [1] 17/15

attempting [1] 13/21
attempts [1] 4/10
Avenue [1] 2/3
avoid [2] 9/11 11/11

## B

backhanded [1] 12/4
bare [1] 14/8
bearing [1] 9/1
belong [1] 18/7
BERGMAN [1] 2/6
BLUMENFELD [1] 1/4
brief [1] 19/17
briefing [1] 9/14
burden [1] 5/6
business [2] 7/7 13/23

## C

CA [3]
CALIFORNIA [4]
CENTRAL [1] 1/2
CERTIFICATE [1] 21/2
certify [1] 21/5
chance [3]
charge [1] 13/5
charter [4]
CHUNG [2] 1/6 3/4

3/7
Circuit [2] 7/17 8/2
claim [7]
claims [8]
clarified [1] 5/19
clarity [2] 5/17 11/9
clause [1] 15/19
clear [5]
client [5]
client's [1] 6/11
code [2] 13/4 21/6
commenced [1] 16/21
commercial [1] 8/17
compel [6]
comply [3]
concern [1] 19/3
conclude [1] 14/11
concluded [1] 19/24
concludes [1] 13/9
condition [7]
conduct [1] 13/18
confer [1] 8/16
Conference [1] 21/10
confidential [1] 11/17
conflict [1] 19/9
conformance [1] 21/9
consequence [1] 8/7

## C

consequences [2] 6/21 16/15
consult [2] 5/1 6/22
consultation [21]
consulting [1] 6/3
CONTE [3]
conte.cicala [1] 2/9
contemplating [1] 16/1
context [1] 10/9
contract [11]
contracts [4]
Counsel's [1] 18/20
court [31]
Court's [8]
Courthouse [1] 1/23
covers [1] 11/6
Covid [1] 10/20
creates [1] 19/9
cross [1] 3/11
CRUTCHER [1] 2/2
CSR [2] 1/22 21/16
cv [2] 1/8 3/3

## D

debating [1] 7/17
December [4]
decide [1] 8/4
decision [2] 6/22 6/23
defendant [3]
defendants [1] 16/2
defense [3]
defenses [1] 17/1
deliberate [2] 6/21 6/23
deny [2] 3/16 18/25
despite [1] 17/23
detailed [2] 3/20 10/25
detected [1] 9/12
determination [1] 13/24
discover [1] 14/19
discovery [11]
discretionary [1] 19/20
discussions [4]
dismiss [2] 12/18 17/19
dismissal [1] 16/11
dismissing [1] 16/1
displaces [3]
disposition [1] 15/9
dispute [11]
disputes [5]
disrupt [1] 13/14
DISTRICT [2] 1/1 1/2
DIVISION [1] 1/3
document [1] 10/19
doubt [5]
drafting [1] 10/17

## E

effective [2] 5/4 13/1
effectively [1] 12/18
element [1] 3/25
elucidating [1] 11/14
Email [2] 2/5 2/9
emergency [1] 13/6
encourage [1] 18/5
enforce [1] 7/12
enforced [2] 7/18 9/6
engage [1] 7/23
engaged [1] 16/14
engaging [1] 16/15
English [1] 10/16
entangled [2] 8/2 8/9
enthusiasm [1] 6/6
entirely [2] 6/4 6/19
entitled [1] 21/8
especially [1] 8/17
essence [1] 4/3
essentially [1] 4/7
et [1] 1/9
event [3]
evidence [3]
excessive [1] 13/5
exclusive [3]
executed [1] 15/1

## E

expedient [1]  9/11
extent [1]  17/23
extrinsic [1]  15/7

## F

FAA [2]  17/22 18/1
face [3]
facie [1]  15/14
fact [3]
factors [1]  19/20
facts [1]  11/1
fail [1]  14/4
failure [1]  17/23
fairness [1]  19/11
faith [2]  16/14
 16/16
FARRELL [6]
Farrell's [2]  14/22
 16/23
fill [2]  7/10 11/11
Firstly [1]  18/13
fit [1]  5/19
foregoing [1]  21/6
form [1]  15/22
format [1]  21/9
Francisco [1]  2/8
frankly [1]  9/15
free [2]  8/15 17/25
frequently [1]
 18/24
fruitful [1]  7/24
fulfill [3]
fulfilled [3]

## G

genuine [1]  18/21
GIBSON [1]  2/2
gibsondunn.com [1]
 2/5
gmail.com [1]  1/25
gouging [1]  7/6
grant [4]
greater [2]  5/17
 5/19

## H

happy [1]  15/24
harmonized [1]
 4/24
hereby [1]  21/5
histories [1]  18/17
HON [1]  1/4
honest [1]  18/21
Honor [15]

## I

I'd [1]  3/24
I'll [4]
I'm [9]
I've [1]  11/17
illustrate [1]  12/13
immediately [1]
 6/10
incidentally [1]
 14/3
inconsistent [1]

increases [1]  13/5
independently [1]
 9/2
inferentially [1]
 8/20
inserted [1]  17/1
instead [1]  5/11
integrity [1]  18/16
intend [3]
intended [1]  11/10
intent [1]  16/25
intention [3]
intentional [1]  6/24
interest [1]  5/7
interpretation [13]
interpretations [1]
 11/2
invalid [11]
issue [8]
issues [4]
Item [1]  3/3

## J

JAMES [1]  2/3
January [1]  21/12
jfarrell [1]  2/5
Jim [1]  3/8
JPR [1]  1/8
JR [1]  1/4
JUDGE [2]  1/4 1/4
Judicial [1]  21/10
jurisdictional [1]

# J

jurisdictional... [1]
 7/21

# K

key [1]  3/25

# L

language [1]  10/17
largely [1]  13/21
latter [1]  18/9
law [1]  6/17
lawsuit [6]
legal [1]  8/3
lengthy [1]  10/25
light [2]  12/6 15/8
limited [3]
lines [3]
literally [1]  4/16
litigation [2]  8/17
 11/22
LLC [1]  1/6
LLP [2]  2/2 2/6
logical [1]  10/10
logically [2]  4/23
 9/21
London [3]
Los [3]
LTD [1]  1/9

# M

material [1]  15/7
matter [10]
matters [1]  9/1

merely [1]  9/7
merits [3]
minimum [2]  8/14
 14/8
minor [1]  18/23
misunderstood [2]
 14/22 15/11
MITSUI [2]  1/9 3/4
modifications [1]
 18/24
MOL [13]
moment [1]  19/17
Montgomery [1]
 2/7
motion [8]
motions [3]
Mr [5]
Mr. [1]  14/22
Mr. Farrell's [1]
 14/22
Mr.Farrell [1]  15/3

# N

NAM [2]  1/6 3/4
narrower [1]  18/10
nature [2]  8/3 14/5
necessary [1]  9/24
neutral [1]  13/9
Ninth [2]  7/16 8/2
nominated [1]
 17/11
none [1]  16/8

 10/12
NY [1]  2/4

# O

O.S.K [2]  1/9 3/4
objection [3]
observation [1]
 14/2
obvious [3]
offer [3]
offering [1]  9/7
Official [1]  1/22
oOo [2]  3/2 20/2
opportunity [2]
 8/10 17/18
option [1]  18/2
order [3]
orders [1]  16/19
overlapping [1]
 3/14

# P

page [3]
papers [1]  19/15
Paragraph [2]  4/1
 5/13
Park [1]  2/3
part [2]  7/7 10/14
parties [10]
parties' [1]  10/16
party [7]
party's [1]  17/4

**P**

penal [1]  13/4
perfect [1]  10/18
perhaps [2]  8/9
12/4
period [1]  5/14
permitted [1]  8/10
perspective [1]
15/15
plaintiff [3]
plaintiff's [2]  3/12
17/2
plan [1]  17/4
point [9]
position [14]
positions [2]  17/1
17/12
potential [1]  9/10
potentially [2]
13/24 17/10
practices [1]  7/7
pre [2]  4/25 11/8
pre-arbitration [2]
4/25 11/8
precedent [7]
precise [1]  10/17
precisely [1]  11/2
precondition [1]
5/3
predicate [1]  11/25
prejudice [2]  16/11
17/21

premised [1]  12/22
present [1]  17/24
PRESIDING [1]
1/4
prevented [1]  10/20
price [3]
prima [1]  15/14
procedural [1]
17/12
proceedings [7]
process [4]
proclamation [1]
13/6
proof [2]  11/13
14/16
properly [3]
proves [1]  12/15
provision [34]
purposes [1]  18/4
pursuant [2]  15/2
21/5
pursue [3]

**Q**

question [3]
questions [3]

**R**

raised [1]  3/23
recognizing [1]
10/19
reconcile [1]  4/11
reconciles [1]  11/1

reconciliation [1]
4/22
record [2]  5/20
18/14
reflected [1]  10/19
regulations [1]
21/10
relinquishment [1]
6/25
remain [1]  14/23
remains [1]  5/20
remand [5]
remanded [3]
remarks [2]  18/15
19/22
remedies [1]  18/1
remove [1]  7/25
reopen [1]  18/3
reply [4]
Reporter [2]  1/22
21/16
REPORTER'S [1]
1/13
representations [1]
18/21
request [1]  5/9
requirement [6]
resolution [6]
resolve [2]  8/22
17/15
resolved [1]  10/22
respectfully [1]
13/16

## R

response [2]  6/2
  14/2
rest [1]  19/24
Room [1]  1/24
rule [2]  5/10 18/3
ruling [2]  5/18 14/6

## S

San [1]  2/8
SB [1]  1/8
second [1]  9/13
seconds [1]  19/13
Section [1]  21/5
seek [1]  18/2
seeking [1]  9/14
sees [1]  5/19
select [1]  8/6
sense [1]  10/3
sentence [1]  10/8
services [1]  13/6
shaking [1]  12/1
shall [2]  4/6 10/22
shed [1]  15/8
ships [3]
short [3]
shortcut [1]  7/20
side [2]  14/18 17/10
sole [1]  13/13
solely [1]  4/11
solution [2]  9/7
  9/11
sounds [1]  6/2

spam [1]  7/12
spoken [1]  8/21
stand [1]  9/8
STANLEY [1]  1/4
state [3]
STATES [3]
status [1]  16/24
stenographically [1]
  21/7
step [1]  12/14
Street [3]
strongly [1]  18/5
subleased [1]  10/21
submit [1]  15/24
substance [1]  18/24
successfully [1]
  17/6
suggest [1]  18/15
suggesting [3]
Suite [1]  2/8
sum [1]  18/24
superseded [1]
  15/20
superseding [1]  4/8
surprise [2]  8/19
  19/9
suspect [1]  16/6

## T

Tel [2]  2/4 2/9
tentative [17]
tentative's [2]  11/7
  12/7

terms [2]  8/6 8/6
thank [9]
Thanks [1]  5/23
thought [3]
thoughtful [1]  3/20
thrust [1]  9/25
time [2]  5/14 7/22
Title [1]  21/6
torpedo [2]  12/20
  13/24
tort [6]
tort-based [1]
  12/22
totally [1]  6/9
touch [1]  3/24
transcript [3]
transportation [1]
  13/6
trapped [1]  7/16
TUESDAY [1]  3/1

## U

U.S [1]  21/16
uncertainties [1]
  10/22
uncertainty [3]
unclear [1]  15/21
understanding [3]
unfair [1]  7/7
unfulfilled [1]  5/5
UNITED [3]
universe [1]  18/10
us [2]  5/11 11/10

# U

**utilize** [1]  10/10
**utmost** [1]  18/14

# V

**valid** [1]  17/3
**versus** [1]  3/4
**viable** [1]  19/8
**violation** [1]  13/4
**vs** [1]  1/8

# W

**waived** [1]  7/1
**waiver** [2]  6/25 8/7
**war** [1]  8/14
**warranted** [1]  7/22
**West** [1]  1/23
**WESTERN** [1]  1/3
**whatsoever** [1]
 10/3
**wholly** [1]  8/11
**WIL** [2]  1/22 21/15
**wil.wilcox** [1]  1/25
**WILCOX** [2]  1/22
 21/15
**wish** [3]
**WITHERS** [1]  2/6
**withersworldwide.c**
**om** [1]  2/9

# Y

**York** [1]  2/4
**Younger** [1]  19/3